JUDGE ELLIOTT
delivered the opinion of the court.
We are of opinion that the court properly discharged the attachment in this case.
The General Statutes requires that before an attachment can be sued out by the landlord against his tenant he must make “affidavit that there are reasonable grounds for belief, and that he believes, unless an attachment be issued, he will lose his rent,” (Gen. Stat., sec. 5, art. 2, chap. 66, p. 603.)
“An affidavit is a written declaration under oath, made without notice to the adverse party.” (Civil Code, sec. 606.)
The Bevised Statutes only required the landlord to make oath to the grounds for attachment, but the General Statutes requires an affidavit.
It was therefore the duty of the appellant by himself or attorney to have made a written declaration that he believed the written allegations set up by him as grounds for the issual of an attachment against the appellee were true, and then have sworn to the statement. This he failed to do.
This was not a case where a defective affidavit had been • made, but a case where no affidavit had been made at all, and therefore the court did not err in discharging the attachment. The amendment offered was properly rejected, because, if for no other reason, it failed to state that the grounds set up for attachment existed when the original attachment was sued out.
Wherefore the judgment is affirmed.